IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action |
| | ) | |
| v. | ) | No. 1:22-CR-018-JPB-CMS |
| | ) | |
| CHAD CHRISTOPHER STARK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF VENUE OR FOR BILL OF PARTICULARS**

On January 18, 2022, a grand jury in the Northern District of Georgia returned an indictment charging Defendant Chad Christopher Stark with one count of interstate threats, in violation of 18 U.S.C. § 875(c). (*See* Doc. 10). On March 25, 2022, the defendant filed the present motion to dismiss the indictment for lack of venue or, alternatively, "for a bill of particulars detailing the basis for constitutional venue in the Northern District of Georgia." (Doc. 22 at 1). The indictment states that the offense occurred "in the Northern District of Georgia[.]" (Doc. 10, Count One). Moreover, the Defendant's threatening online message, targeting public officials in Georgia, was visible, and indeed was viewed by, individuals in the Northern District of Georgia around the same date he posted it online. The Northern District of Georgia, therefore, serves as a proper venue for this case. The Defendant has been and will be provided discovery related to these facts, and the government expects to present evidence at trial to demonstrate the threat's receipt, and the response it caused, in the Northern District of Georgia. The issue of venue must be presented to and decided by a jury at trial, and the Defendant's motion, therefore, should be denied.

I.     **BACKGROUND**

On January 5, 2021, the Defendant posted a message on Craigslist, an internet website featuring classified advertisements to buy, sell, and find items and services, and to post commentary, among other uses.  (Doc. 10 ¶¶ 3-4).  His message was entitled, "Georgia Patriots it's time to kill [Official A][1] the Chinese agent - $10,000."  (*Id.* ¶ 4).  The message read:

> Georgia Patriots it's time for us to take back our state from these Lawless treasonous traitors.  It's time to invoke our Second Amendment right it's time to put a bullet in the treasonous Chinese [Official A].  Then we work our way down to [Official B] the local and federal corrupt judges.  It's our duty as American Patriots to put an end to the lives of these traitors and take back our country by force we can no longer wait on the corrupt law enforcement in the corrupt courts.  If we want our country back we have to exterminate these people.
> One good loyal Patriot deer hunter in camo and a rifle can send a very clear message to these corrupt governors.. militia up Georgia it's time to spill blood….  we need to pay a visit to [Official C] and her family as well and put a bullet her behind the ears.
> Let's be very clear to our local law enforcement who have stood down and watch BLM antifa destroy our country and kill our citizens yet you'll step up to stop Patriot supporters you'll enforce face mask and you'll close American businesses???  Remember one thing local law enforcement the key word being local….  we will find you oathbreakers and we're going to pay your family to visit your mom your dad your brothers and sisters your children your wife…  we're going to make examples of traitors to our country… death to you and your communist friends.

(*Id.*).

On January 18, 2022, the Defendant was charged by indictment with one count of interstate threats, in violation of 18 U.S.C. § 875(c).  The criminal count charged in the indictment alleges that the Defendant committed the crime of interstate threats "[o]n or about January 5, 2021, in the Northern District of Georgia[.]"  (*Id.*, Count One).  The Defendant now challenges the indictment

---

[1] The government anonymized the victims targeted in the Defendant's Craigslist message to protect their identities and privacy interests, to the extent possible.

claiming that it insufficiently alleges or establishes venue for the criminal offense in the Northern District of Georgia.

### II.     ARGUMENT

    a.     The Indictment Plainly and Sufficiently Alleges Venue in the Northern District of Georgia.

Under the Federal Rules of Criminal Procedure, a defendant may challenge improper venue pursuant to a pretrial motion. *See* Fed. R. Crim. P. 12(b)(3)(A)(i). However, when an indictment is facially valid, the issue of venue is a factual question that must be presented to and decided by a jury at trial. *See United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010) ("'An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.'" (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956))); *United States v. Jones*, 786 F. App'x 907, 909 (11th Cir. Sept. 6, 2019) ("When an indictment is valid on its face, 'a court may not dismiss the indictment . . . on a determination of facts that should have been developed at trial.'" (quoting *Snipes*, 611 F.3d at 865)).

For an indictment to be facially valid, it "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). Moreover, the indictment "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citation and internal quotation marks omitted). The indictment here satisfies those standard requirements, and thus constitutes a facially valid indictment that was returned by a grand jury in the Northern District of Georgia. The indictment's lone count—Count One—charges the Defendant with interstate threats in violation of 18 U.S.C. § 875(c), reflecting the statutory language of § 875(c), applicable case law, and Eleventh Circuit

3

Criminal Pattern Jury Instruction O30.3 (Mar. 2022).  At the outset of the charge, Count One reads: "On or about January 5, 2021, *in the Northern District of Georgia*[.]"  (Doc. 10, Count One (emphasis added)).  The indictment, therefore, explicitly alleges venue in the Northern District of Georgia, which is all that is necessary to overcome a pretrial motion to dismiss.  *See, e.g.*, *United States v. Markeith*, 2021 U.S. Dist. LEXIS 129159, at **63-64 (N.D. Ga. May 17, 2021) ("Counts One and Three allege that the charged offenses occurred 'in the Northern District of Georgia and elsewhere.'  Venue is sufficiently alleged." (citations and brackets omitted)); *United States v. Williams*, 2010 U.S. Dist. LEXIS 89433, at *9 (N.D. Ga. Aug. 2, 2010) (denying motion to dismiss for improper venue because "[i]nasmuch as the indictment alleges that the offenses occurred within the Northern District of Georgia, the indictment is properly pleaded").[2]  For those reasons alone, the Defendant's motion to dismiss must be denied, and the factual question of whether venue is proper, as alleged in this indictment, must be determined by a trial jury.  *See Snipes*, 611 F.3d at 866; *Jones*, 786 F. App'x at 909.

> b.   <u>The Northern District of Georgia is the Proper Venue Because the Defendant Targeted the District and the Threat Was Viewable in the District.</u>

Because venue has been properly pleaded here, the Defendant's motion should be denied.  However, even on the merits, venue is appropriate in the Northern District of Georgia, and the government expects to sufficiently prove that element at trial.

Pursuant to 18 U.S.C. § 3237(a), "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  Section

---

[2] The Defendant incorrectly asserts that Count One's statement of "in the Northern District of Georgia" is a legal conclusion.  (*See* Doc. 22 at 4).  Indeed, it is not.  It is a fact alleged in the indictment, and it sufficiently alleges venue.

4

3237(a) continues, in relevant part: "Any offense involving . . . transportation in interstate or foreign commerce[] is a continuing offense and[] may be inquired of and prosecuted in any district from, through, or into which such commerce[] moves." *Id.*

In this case, the Defendant is charged with posting a threatening message on the Craigslist website. The Defendant's message specifically addressed "Georgia Patriots" and, among other things, stated, "militia up Georgia it's time to spill blood." (Doc. 10 ¶ 4). The evidence shows that the Defendant's threat targeted Georgia public officials. A Craigslist representative—whose interview report has been provided to the Defendant (*see* Doc. 22 at 9)—stated that the person who posted the message at issue tagged his post with the zip code for Atlanta.[3] Consequently, the government anticipates that the evidence at trial will show that the Defendant, in this way, was directing and transmitting his message to the Northern District of Georgia. Moreover, several individuals in the State of Georgia, including in and around the Northern District of Georgia, viewed the Defendant's Craigslist message online on or around January 5, 2021, the day the Defendant posted it. In response to the serious and threatening nature of the Defendant's message, multiple individuals contacted law enforcement officials in Georgia, who in turn took action to assess and respond to the threat. Documents and interview reports related to these complainants and responders will be produced to the Defendant no later than April 25, 2022.[4]

---

[3] The Defendant references the Craigslist representative's interview with the FBI to point out the representative's assertion that Craigslist posts are stored in two states, neither of which are Texas or Georgia. (*See* Doc. 22 at 9). But the relevance of the location of Craigslist's servers has nothing to do with venue; rather, it establishes the interstate element of the § 875(c) offense. What is relevant for purposes of venue is that the Defendant's message was directed at and viewable in the Northern District of Georgia via an online website.

[4] The government views the materials to be produced here as arguably *Jencks* material. Although under no obligation to disclose such records at this time, the government will produce these records in an effort to address the Defendant's motion.

  c. <u>No Bill of Particulars Is Necessary Because the Indictment, Discovery, and This Filing Provide Ample Information About Venue.</u>

Alternatively, the Defendant argues that the Court should order a bill of particulars requiring the government to provide more information about the evidence related to venue. (*See* Doc. 22. at 10-11). However, a bill of particulars is not warranted in a case such as this, where the indictment properly alleges venue and discovery has been and will be produced addressing the issue of venue. The request, therefore, should be denied.

Federal Rule of Criminal Procedure 7(f) governs the provision of a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). "Generalized discovery is not a proper purpose in seeking a bill of particulars." *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) (citation omitted). Where the relevant information has been provided by other sources, including the indictment and discovery, a bill of particulars is unnecessary and should be denied. *See United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. Mar. 30, 2006) (citing *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)); *Colson*, 662 F.2d at 1391. A bill of particulars is supposed to merely supplement the indictment by providing a defendant with information necessary for trial preparation and "'is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.'" *Roberts*, 174 F. App'x at 477 (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)).

In this case, the indictment specifically informs the Defendant of the § 875(c) charge against him and identifies the precise conduct that constitutes the offense. Accordingly, the

6

Defendant has knowledge of the specific conduct giving rise to the criminal charge here.  In addition, the Defendant has received and will receive discovery related to facts and witnesses concerning the Defendant's targeting of his Craigslist message toward the Northern District of Georgia and how persons (including law enforcement officials) in and around the Northern District of Georgia viewed and responded to his Craigslist message.  *See Roberts*, 174 F. App'x at 477-78 (affirming district court's denial of bill of particulars related to interstate commerce element where government provided discovery and information in response to defendant's motion addressing element); *Martell*, 906 F.2d at 558 ("[A] defendant is not entitled to a bill of particulars with respect to information which is already available through other sources." (citation and internal quotation marks omitted)).  Thus, because the indictment is sufficiently specific to inform the Defendant of the charge against him and discovery addressing venue has been and is being produced, the Defendant is not entitled to a bill of particulars.

### III.   CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss should be denied in whole.

//
//
//

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

  /s/ Sean F. Mulryne
Sean F. Mulryne (N.J. Bar No. 027052008)
Deputy Director
Election Crimes Branch
United States Department of Justice
Criminal Division, Public Integrity Section
1301 New York Ave., NW
Washington, DC 20005
Telephone: (202) 514-1412
Email: sean.mulryne@usdoj.gov

KURT R. ERSKINE
United States Attorney
U.S. Attorney's Office
for the Northern District of Georgia

Brent Alan Gray (GA. Bar No. 155089)
Assistant United States Attorney
U.S. Attorney's Office
for the Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Dr., SW
Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6077
Email: brent.gray@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the Defendant.

Dated:  April 18, 2022                                  */s/ Sean F. Mulryne*
                                                                      Sean F. Mulryne
                                                                      Deputy Director, Election Crimes Branch