IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHAD CHRISTOPHER STARK | CRIMINAL ACTION NO.<br>1:22-CR-00018-JPB-CMS-1 |

### REPLY IN SUPPORT OF MOTION TO DISMISS
### FOR FAILURE TO STATE AN OFFENSE

COMES NOW, the Defendant, CHAD CHRISTOPHER STARK ("Mr. Stark"), by and through counsel, pursuant to Fed. R. Crim. P. 12(b)(3)(B), and files this Reply in support of his motion to dismiss the Indictment for failure to state an offense under 18 U.S.C. § 875(c).

### *Argument*

In its Opposition (Doc. 27), the government argues that it properly pled an offense under § 875(c). Specifically, the government explains that Count One of the single-count indictment accounts for *Elonis* and its subjective intent requirement. (Doc. 27 at 4). Mr. Stark disagrees.

Once again, the Indictment language is:

**CHAD CHRISTOPHER STARK,**

<u>with intent to communicate a threat to injure another person and with knowledge that the communication would be viewed as a threat to injure another person</u>, knowingly transmitted a communication in interstate and foreign commerce by posting a message on Craigslist,

1

> an internet website, containing a threat to injure and kill government officials, including Official A, Official B, and Official C, and others.

(Doc. 10 at 2-3) (emphasis added).

In its brief, the government offers its *current* interpretation of what the Indictment language means. What is unclear, however, is what standard was presented to the grand jury, if any. If the language of the Indictment stood without any explanation, the grand jury very well could have indicted based upon less than the subjective intent required for the crime. This is so because, on its face, the language of the Indictment simply does not plainly state, *see* Fed. R. Crim. P. 8(a), that Mr. Stark, *with the specific intent or purpose to threaten public officials with injury or death*, knowingly transmitted a communication in interstate commerce containing such a threat. It is that simple.

The government argues that the language – "with the intent to communicate a threat to injure another person and with knowledge that the communication would be viewed as a threat to injure another person" – does the job. (Id. at 4). The government urges the conclusion that the intent charged does not merely modify the action "to communicate" something containing a threat to injure another, but rather "the intent to threaten." (Id.). However, that is not what the charge says. It says "with the intent to communicate a threat," not with the intent to threaten. The government's eleventh-hour, strained analysis does not change the language. It

2


certainly does not, as the government claims, allege in "clear" or "plain terms" a subjective intent to threaten injury.

Perhaps the best way to demonstrate the point this is by looking to certain discovery recently provided by the government. In response to Mr. Stark's venue motion (Doc. 22), the government produced certain FBI 302 reports detailing interviews with individuals who purportedly saw the Craigslist post at issue. One woman claims to have taken a screen shot of her husband's computer which displayed the Craigslist post containing the charged communication. She then posted the photograph on Facebook with the comment, "Husband saw this on Craigslist yesterday. People are nuts!" The FBI report explains that the woman viewed the post and believed it to be a threat to injure others; therefore, she took a picture and posted it. And, undoubtedly, if asked, the woman would explain her belief that others would view the Craigslist post as a threat as well.

The point is that this repost to Facebook was done "with the intent to communicate a threat to injure another person and with knowledge that the communication would be viewed as a threat to injure another person." However, clearly, there was no subjective intent on the part of the woman to injure another. Nevertheless, her conduct meets the literal language used by the government to charge this case under § 875(c). The language is simply deficient. It allows for the communication of something *containing* a threat without the crucial language

charging a subjective intent to threaten another with injury. That is <u>precisely</u> what *United States v. Martinez*, 800 F.3d 1293 (11th Cir. 2015) found to be unacceptable.[1] The government's attempt to distinguish *Martinez* (Doc. 27 at 4-5) is unpersuasive.

The government cannot turn to the Eleventh Circuit Pattern Jury Instructions for § 875(c) for help. The language quoted (See Doc. 27 at 5) is not what is used in the charge. The legal term of art – a "true threat" – is found nowhere in Count One. Moreover, that term of art is further defined in the pattern charge and gives additional meaning to a deliberating jury regarding the intent requirement. In any event, the language used in pattern charge falls short of clearly expressing the requirement that the government must charge and later prove a subjective intent to threaten.

The government leaves unaddressed Mr. Stark's point that the second phrase used in Count One – "<u>and</u> with knowledge that the communication would be viewed as a threat to injure another person" – represents alternative language which allows for the rejected reasonable person standard. (Doc. 23 at 11). Justice Roberts, in *Elonis*, made clear that a person charged under § 875(c) must have acted for the *purpose* of issuing a threat. The charge here fails to allege that.

---

[1] *See* Doc. 23 at 10 for Mr. Stark's analysis of *Martinez* and why this case is no different than the language found deficient there.

### *Conclusion*

WHEREFORE, for all of the above reasons and for those reasons contained in Mr. Stark's initial filing (Doc. 23), Mr. Stark respectfully requests that the Court dismiss the Indictment.

This 6th day of May, 2022.

                                      Respectfully Submitted,

                                      */s/ Thomas L. Hawker*
                                      THOMAS L. HAWKER
                                      Georgia Bar No. 338670
                                      Attorney for Chad Christopher Stark

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, Georgia 30303
404-688-7530; F: 404-688-0768
Thomas_Hawker@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was filed by ECF this day with the Clerk of Court with a copy served by ECF notice upon counsel of record as follows:

>Brent Gray, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia  30303
>
>Sean Mulryne, Esq.
>Office of the United States Attorney
>1400 New York Avenue, N.W.
>Washington, DC 20005

This 6th day of May 2022.

>/s/ Thomas L. Hawker
>THOMAS L. HAWKER
>Georgia Bar No. 338670